**U.S. Department of Justice**



*United States Attorney*
*Eastern District of New York*

EMN:WK
F.#2009R00768

*271 Cadman Plaza East*
*Brooklyn, New York  11201*


December 22, 2011


**BY ECF & HAND DELIVERY**

The Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re: United States v. Gerardo P. Fusella, et al.
       Criminal Docket No. 11-844 (KAM)

Dear Judge Levy:

  The government respectfully submits this letter in support of its position regarding the pretrial release of the defendants, Gerardo P. Fusella and Vincent J. Fusella, Jr.  As described below, both face serious charges as a result of a years-long fraud in which the defendants enriched themselves by more than $1,000,000 by, among other things, illegally underpaying their employees and illegally retaining mandatory benefit fund and Social Security contributions designed to provide health benefits and retirement security for workers and their families.[1]  Accordingly, the defendants should only be released upon an appearance bond in a substantial amount, fully secured by property, co-signed by financially responsible persons

---

  [1] The proffer of facts set forth herein does not purport to provide a complete statement of all facts and evidence of which the government is aware or that it will seek to introduce at trial.  It is well-settled law that the government my proceed by proffer at a bail hearing.  <u>United States v. Ferranti</u>, 66 F.3d 540, 542 (2d Cir. 1995), citing <u>United States v. Salerno</u>, 481 U.S. 739, 743 (1987).

and with conditions as set forth below.

I.  The Investigation

This case is a result of a multi-year investigation conducted by the United States Department of Labor; the United States Department of Transportation; the Internal Revenue Service; the Port Authority of New York and New Jersey; and the New York City Business Integrity Commission. The investigation has gathered wide-ranging and detailed evidence from witnesses, as well as voluminous records and other documents maintained in hard copy and on computer systems in, among other places, the defendants' own businesses, Fusella Group, L.L.C. ("Fusella Group") and Alpine Investment Group, Inc. ("Alpine Investment").[2] The defendants used these companies to haul construction and demolition debris between construction sites and landfills in Long Island, New York City, New Jersey and elsewhere.

II.  The Indictment

On December 21, 2011, a grand jury sitting in the Eastern District of New York returned a sealed indictment charging the defendants variously with 31 counts of fraud and other crimes. The broad-based fraud charged against the defendants includes several overlapping schemes by which the defendants cheated federal and state governments and embezzled funds from employee benefit funds operated by the International Brotherhood of Teamsters, Local 282 ("Local 282"), which is located in Lake Success, New York.

Counts One through 16 of the Indictment allege that, between 2007 and 2009, the defendants entered into a scheme to defraud the United States in violation of 18 U.S.C. § 371, and that they willfully failed to report, account for and pay over taxes in violation of 26 U.S.C. § 7202. These charges relate to the defendants' actions to avoid paying Social Security and federal and state income tax contributions for employees by, among other things, falsely classifying truck driver-employees as independent contractors. The defendants also avoided making tax

---

[2] Agents executed a court-authorized June 2009 search warrant at the defendants' headquarters in East Hanover, New Jersey where, among other things, they recovered banking, payroll and billing records, as well as daily worksheets, various remittance and work reports, and accounting ledgers.

2

contributions by not reporting most salary payments made to their office workers and mechanics and, instead, claiming that these payments were deductible business expenses.  Between 2007 and 2009, the defendants used these methods to avoid making more than $150,000 in employee Social Security contributions alone.

Counts 17 through 19 allege that, between 2007 and 2009, the defendants conspired to embezzle, and embezzled, from employee benefit plans in violation of 18 U.S.C. §§ 371 and 664, and submitted false ERISA statements in violation of 18 U.S.C. § 1027.  Counts 24 through 30 allege conspiracy to commit mail fraud and mail fraud, in violation of 18 U.S.C. §§ 1349 and 1341.  These charges relate to the defendants' illegal actions in connection with a collective bargaining agreement Fusella Group entered into with Local 282, which obligated the defendants to pay certain hourly wages to their drivers and to make additional payments to Local 282's welfare, pension, annuity, job training, and vacation and sick leave trust funds (the "Benefit Funds").  In violation of the agreement, and at times with the assistance of a union shop steward working at Fusella Group to whom the defendants paid bribes,[3] the defendants hid their drivers' true work hours and illegally avoided making the required hourly wage payments and benefit fund contributions.  Beginning in 2008, the defendants began to illegally conduct a substantial portion of their trucking business using Alpine Investment in a so-called "double-breasted" operation as a means of hiding their drivers' true work hours from the Benefit Funds.[4]  Between 2007 and 2009, the defendants succeeded in illegally withholding more than $1,000,000 dollars in such payments.

Counts 20 through 23 allege that Vincent J. Fusella, Jr., submitted false writings and documents, in violation of 18 U.S.C. § 1001, in connection with subcontracting work carried out by the Fusella Group to remove dirt and debris from the World

---

[3] Count 31, alleging unlawful payments to a representative of Fusella Group employees, in violation of 29 U.S.C. § 186, relates to unlawful payments made by the defendants to the shop steward.

[4] For the defendants' drivers and their families to receive the full health and disability benefits to which they were entitled, however, the defendants had to fully report the drivers' work hours and make the required payments to the Benefit Funds.

Trade Center reconstruction site in lower Manhattan. This contract required that the defendants pay the hourly wage and benefit fund contributions specified in the agreement with Local 282. Even though the Fusella Group did not make these payments, Vincent J. Fusella, Jr., illegally submitted false certifications purporting to verify that the Fusella Group was making these payments, as required for participation at the World Trade Center reconstruction project.

III. Bail Determination

Under the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., federal courts are empowered to release a defendant upon conditions pending trial where "release [upon personal recognizance or unsecured appearance bond] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." See 18 U.S.C. § 3142(c). The Bail Reform Act lists four factors to be considered in the bail analysis: (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release; and (4) the evidence of the defendant's guilt. See 18 U.S.C. § 3142(g). Based upon these four factors, the government respectfully requests that the Court only release the defendants upon an appearance bond in a substantial amount, fully secured by property, co-signed by financially responsible persons and with conditions including: (1) a travel restriction; (2) the surrender to the United States Pretrial Services Agency ("Pretrial") of any and all passports; (3) supervision by Pretrial, including random home/place of work visits and regular reporting; and (4) the surrender to the East Hanover police department of any firearms, destructive devices or other dangerous weapons.

    a.    The Nature and Circumstances of Crimes Charged

As set forth above, the crimes charged involve a multi-year, high-dollar-value fraud. As a result of this fraud, the defendants did not pay their employees the salary to which the employees were legally entitled. They also chose not to make the required contributions to the Benefit Funds designed to provide medical care, sick leave, training and the like to their employees. Instead, the defendants retained for themselves pay and benefit contributions of more than $1,000,000 that were due to their employees. In addition, they failed to pay federal and state tax contributions, including more than $150,000 in Social

4

Security payments they were legally obligated to contribute to secure their employees' retirements.

If convicted at trial, the defendants face potential recommended advisory guidelines sentences of more than five years and substantial fines and restitution.

    b.   <u>The History and Characteristics of the Defendants</u>

A criminal history inquiry with the Federal Bureau of Investigation National Crime Information Center indicates that Gerardo P. Fusella has a history of New Jersey arrests and charges, in 2000, 2005 and 2010. Upon information and belief, however, the charges resulting from the 2000 and 2005 arrests were dismissed. Gerardo P. Fusella was able to secure an alternative disposition of pretrial intervention in connection with the 2010 theft of services charges brought against him. Upon information and belief, the 2010 arrest related to his refusal to pay fuel bills he owed.

The government is unaware of any criminal record for Vincent J. Fusella, Jr.

    c.   <u>The Seriousness of the Danger Posed</u>

In the course of its investigation, the government received witness reports that Gerardo P. Fusella: (1) kept a semi-automatic firearm in his truck; (2) held a gun to a driver's head during a dispute with that driver; and (3) threatened to kill a driver, his wife and family in the course of a dispute. As set forth above, the government requests that, among other conditions of bail, the Court order the defendants to immediately surrender any firearms, destructive devices or other dangerous weapons.

    d.   <u>The Evidence of the Defendants' Guilt</u>

As set forth above, the evidence of the defendants' guilt is strong. Among other things, the government anticipates presenting as evidence at trial computerized and hard-copy records seized at the defendants' headquarters. These include, but are not limited to, the defendants' financial ledgers; comprehensive bank account information including statements and checks; and copies of invoices, work tickets, logs and other work-related records. The government additionally anticipates presenting work, financial and audit records maintained by

5

individuals and organizations who worked for and with the defendants.  At trial, the government would also offer government and union records and surveillance photographs.

IV.  Conclusion

The defendants are charged with committing a widespread fraud for a period of years.  The defendants obtained more than $1,000,000 in illegal proceeds for themselves from the fraud schemes by, among other things, illegally underpaying their employees and illegally retaining benefit fund and Social Security contributions designed to provide health benefits and retirement security for workers and their families.  The evidence against the defendants is strong and, if convicted at trial, they face significant jail sentences.  For these and all the reasons set forth above, in order to reasonably assure the appearance of the defendants as required and to protect the safety of the community, the government respectfully requests that the Court release the defendants only upon an appearance bond in a substantial amount, fully secured by property, co-signed by financially responsible persons and with conditions as set forth above.

            Respectfully submitted,

            LORETTA E. LYNCH
            United States Attorney

      By:    /s/
         Whitman G.S. Knapp
         Assistant U.S. Attorney
         (718) 254-6107

cc: Counsel for Defendants (by hand)
   Clerk of Court (by ECF)